131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Eugene MOORE, Plaintiff-Appellant,
v.
L. DONALDSON, Defendant-Appellee.
 No. 95-15486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1997**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-88-00709-DFL; David F. Levi, District Judge, presiding.
 Before: WOOD, Jr.*** , RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTS
 
 2
 Thomas Eugene Moore ("Moore") appeals pro se several aspects of his jury trial in this 42 U.S.C. § 1983 civil action. Moore is a California state prisoner. His § 1983 action was based on an incident involving Moore and correctional officer Larry Donaldson ("Donaldson") which occurred while Moore was being held at the Mule Creek State Prison. At one point during a verbal exchange between Moore and Donaldson, Donaldson placed a pressure hold on Moore's groin area for approximately thirty seconds. Moore filed a civil rights action, claiming that Donaldson's actions constituted excessive force which amounted to cruel and unusual punishment.
 
 
 3
 Moore began his civil suit pro se, but he later received representation from the King Hall Civil Rights Clinic at the University of California-Davis Law School. Moore gathered affidavits from prisoner-witnesses stating their recollections of the incident. These prisoners were listed as witnesses in the court's pre-trial order. Moore's counsel secured writs of habeas corpus ad testificandum for each prisoner-witness. However, when Moore's civil trial began, the correctional officials had not brought any of the witnesses to court.
 
 
 4
 The court granted a continuance in order to secure the prisoner-witnesses' presence for trial. Eventually, three prisoner-witnesses were brought to the trial and testified. The remainder of the witnesses were not brought to court, including Leonard Smith. By stipulation of both parties, Smith's affidavit was read to the jury at trial in lieu of his live testimony at trial. The jury returned a verdict in favor of defendant Donaldson. Moore appeals.
 
 ANALYSIS
 
 5
 The appellee contends that none of Moore's arguments are properly before this court due to his failure to file excerpts of record. However., under Circuit Rule 24-1, pro se prisoners who have been granted leave to proceed in forma pauperis are not required to file excerpts of record. Moore is proceeding pro se and in forma pauperis, and as a result, he is excused from filing excerpts of record. In the circumstances of this case, this court may consider Moore's claims on the merits.
 
 
 6
 a. Absence of Witness Smith
 
 
 7
 Moore claims that he was prejudiced by the absence of inmate-witness Smith. Smith's warden failed to present him at trial despite a valid writ of habeas corpus ad testicandum. When Smith failed to appear, both parties stipulated that Smith's affidavit could be read into the record in lieu of his testifying at trial.
 
 
 8
 If Moore believed he was being prejudiced by the failure of Smith to appear, he should not have agreed to the stipulation and should have brought his objection to the court's attention at trial. Since he did not, he cannot raise his objection at this time. Additionally, given Smith's affidavit, it appears that his testimony would only have been cumulative had he been available at trial.
 
 
 9
 b. Jury Instruction
 
 
 10
 Moore also objects on appeal to one jury instruction. Specifically, he claims that he was prejudiced by the use of the word "sadistically" in instruction number 15. However, Moore did not raise an objection at trial, despite a lengthy discussion in which the word "sadistically" was added to instruction 16 so that it would mirror instruction 15. Therefore, he cannot now contest the instruction. Hammer v. Gross, 932 F.2d 842, 847 (9th Cir.1991).
 
 
 11
 c. Substitute Judge Taking Jury's Verdict
 
 
 12
 When the jury returned from deliberations, the record shows that Judge Moulds, the magistrate judge who had presided over the trial, was absent for good cause. The district judge stepped in for the magistrate and took the verdict. This court examined a similar situation in Lyons v. Rainier 594 F.2d 1236 (9th Cir.1979) (per curiam). In Lyons, the presiding judge had to be absent from the place of trial when the jury finished its deliberations. A substitute judge received the verdict. Id. This court held that the harmless error standard, Fed.R.Civ.P. 61, governed. Id. at 1237. Moore has not made the requisite showing of prejudice to succeed under this standard. Any error resulting from the substitution was harmless, and Moore's claim fails.
 
 
 13
 d. Mistrial
 
 
 14
 Moore also contends that he should be granted a new trial because the magistrate judge did not call for a mistrial based on the absence of Moore's witnesses at trial. Moore concedes that he did not move for a mistrial. Therefore, he cannot raise that objection in this appeal.
 
 
 15
 e. Jury Verdict
 
 
 16
 Lastly, Moore claims that the jury verdict was not supported by the manifest weight of the evidence. However, Moore did not make any post-trial motions challenging the jury's verdict. He has waived this issue.
 
 CONCLUSION
 
 17
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 **
 It has been determined that this case is suitable for decision without argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34.4
 
 
 **
 * The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3